THIS ORDER IS APPROVED.

Dated: January 22, 2021

_Scott H. Gan, Bankruptcy Judge_

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>DENNIS C. NOWLIN,<br><br>Debtor, | Chapter 12 Proceedings<br><br>No. 19-09432-SHG<br><br>**STIPULATED ORDER CONFIRMING AMENDED CHAPTER 12 PLAN OF REORGANIZATION** |

This matter came before the Court for a Status Conference regarding the objections of Specialized Loan Servicing ("SLS") and Douglas and Roma Payne ("Payne"), to the Amended Chapter 12 Plan of Reorganization (the "Amended Plan").

Based upon the representations of Counsel, the Court finds that the Amended Plan having been properly noticed out to creditors and that any objections to confirmation having been resolved. Specifically, the Amended Plan is modified and Confirmed, and modified as follows:

**Section III(A)(5) Secured Claim - US Bank, NA / Specialized Loan Services**

The claim of SLS is secured by the real property constituting the Debtor's family farm (the "Property"). US Bank, NA/Specialized Loan Services ("SLS") filed Proof

of Claim No. 4 ("POC 4") as a secured claim in the amount of $999,896.43 and a claim for arrearges of $54,620 (the "SLS Arrearages"). SLS also objected to the Plan. Pursuant to an agreement resolving the SLS Objection, SLS will have an allowed secured claim in the amount of $475,000 (the "SLS Secured Claim"), the fair market value of the Property, and the remaining $523,896.47 be allowed as a Class 6 General Unsecured Claim (the "SLS GUC Claim").

The SLS Secured Claim will be paid in full prior to the 2047 maturity date of the original SLS loan documents. Interest will be paid on the SLS Secured Claim at the rate of 3%/year. The monthly interest and principal payment shall be $2,176.07. The Debtor will further be required to maintain applicable insurance on the property at his own cost, outside of the plan, and likewise pay all property taxes as assessed and due.

SLS shall retain its lien on any of its collateral, until the SLS Secured Claim is paid in full.

Should the Debtor fail to tender the payments on the SLS Secured Claim as required under the order confirming plan, then they will be in default. Should the Debtor default, SLS must provide notice to the Debtor specifying the nature of the default and a 15-day period to cure the default. Any notice must be in writing and sent via U.S. regular mail to the Debtor at the address on file with the Clerk of this Court and with a copy sent via U.S. regular mail and email to:

Jonathan P. Ibsen
Canterbury Law Group
14300 N. Northsight Blvd. Suite 129
Scottsdale, AZ 85260

jibsen@clgaz.com

Should the Debtor fail to cure the delinquency on the SLS Secured Claim, SLS will have immediate relief from the automatic stay.

SLS's lien will be deemed relinquished upon such payment, and will effect a release of lien within ten (10) days of final payment of the SLS Secured Claim.

The SLS Arrearages in the amount of $54,620.01 and the repayment of the $25,858.91 in post-petition escrow advances will be in a lump sum payment $80,478.92, and will be made 60 months from the effective date of the Plan.

The SLS GUC Claim will be paid pro rata, with the remaining allowed Class 8 General Unsecured Claims.

**Section III(A)(7) Secured Claim – Douglas Payne**

Douglas and Roma Payne ("Payne") filed Proof of Claim No. 5 as a secured claim ("POC 5"), as amended, in the amount of $85,279.59. Payne also objected to the Plan.

Pursuant to an agreement resolving the Payne Objection, Payne will have an allowed secured claim in the amount of $47,500 (the "Payne Secured Claim"), and the remaining $37,779.59 be allowed as a Class 6 General Unsecured Claim (the "Payne GUC Claim").

The Payne Secured Claim will be paid over 5 years. Interest will be paid on the Payne Secured Claim at the rate of 4.5%/year. The monthly interest and principal payment shall be $886. The Debtor will further be required to maintain applicable insurance on the property at his own cost, outside of the plan, and likewise pay all

property taxes as assessed and due.

Additionally, all tax liens must be paid off prior to confirmation and failure to pay property taxes is an event of default.

Should the Debtor default on the Payne Secured Claim, Payne must provide notice to the Debtor specifying the nature of the default and a 21-day period to cure the default. Any notice must be in writing and sent via U.S. regular mail to the Debtor at the address on file with the Clerk of this Court and with a copy sent via U.S. regular mail and email to:

Jonathan P. Ibsen
Canterbury Law Group
14300 N. Northsight Blvd. Suite 129
Scottsdale, AZ 85260
jibsen@clgaz.com

Should the Debtor fail to cure the delinquency on the Payne Secured Claim, the Debtor agrees that the Bankruptcy stay is automatically lifted, and the Payne's may proceed with foreclosing their interest in the property under state law.

Payne shall retain their lien on any of their collateral, until the Payne Secured Claim is paid in full. Payne's lien(s) will be deemed relinquished upon such payment, and will effect a release of lien within ten (10) days of final payment of the Payne Secured Claim.

The Payne GUC Claim will be paid pro rata, with the remaining allowed Class 8 General Unsecured Claims.

**Section III(B)(8) – Anticipated Monthly Payments**

The Debtor will pay the Trustee $ 6,975, monthly to be distributed to the

Trustee's administrative fees and creditors, for sixty (60) months, as follows:

- AZDOR $ 125.00
- IRS $ 500.00
- Reliable Credit $ 400.00
- SLS Secured Claim $ 2,176.07
- Payne Secured Claim $ 886.00
- Nieman Secured Claim $ 1,000.00

The remaining monthly sum, after deduction of the Trustee's administrative fees, shall be paid ratably to general unsecured creditors.

_____

**ORDER DATED AND SIGNED ABOVE.**

_____

Approved as to Form and Content by:

Debtor:

By: /s/ Dennis Nowlin

Canterbury Law Group
14300 N. Northsight Blvd, Ste 129
Scottsdale, AZ 85260
Counsel to the Debtor

By: /s/ Jonathan P. Ibsen

David M. Reaves, Chapter 12 Trustee

By: /s/ David M. Reaves

| | |
|---|---|
| 1 | |
| 2 | Leonard J. McDonald<br>Counsel for Specialized Loan Servicing |
| 3 | |
| 4 | By: /s/ Leonard J. McDonald |
| 5 | |
| 6 | John Smith<br>Counsel for Douglas and Roma Payne |
| 7 | |
| 8 | By: /s/ John Smith |